UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHNATHAN L. FRANKLIN,

                Plaintiff,

v.

WINNEBAGO CORRECTIONAL
CENTER, CPT. TERRENCE JAEGER,
SGT. PAUL BURGER, SGT.
SCHROEDER, KEVIN JOHNSON,
MENASHA PACKAGING, and
VALLERIE KATHY,

                Defendants.

Case No. 25-CV-974-JPS

**ORDER**

Plaintiff Johnathan L. Franklin, an inmate confined at Winnebago Correctional Center ("WCC"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. Plaintiff paid the filing fee in full. Plaintiff's complaint previously did not include a signature page; however, Plaintiff later submitted a signature page as directed by the Clerk of Court. *See* ECF No. 2. This Order screens Plaintiff's complaint.

**1.    FEDERAL SCREENING STANDARD**

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2. **PLAINTIFF'S ALLEGATIONS**

On April 7, 2025, Plaintiff arrived at his work release site, Menasha Packaging. ECF No. 1 at 2. Upon entering the van, Plaintiff fell on uncared for icy pavement and injured his left ankle and lower back. *Id.* Other civilians fell as well and reported it to staffing Synergies. *Id.* Plaintiff informed his supervisor, Tim Johnson, about his fall. *Id.* The supervisor

responded by asking if Plaintiff had bruised his pride. *Id.* Plaintiff immediately got to work. *Id.* At about 1:00 p.m., safety staff requested Plaintiff to bring a ladder to help with a monitor. *Id.* When Plaintiff climbed the ladder, he noticed pain and difficulty climbing; Plaintiff immediately told staff that he must have hurt his ankle. *Id.* Safety staff told Plaintiff to inform Staffing Synergies; Plaintiff complied with this instruction. *Id.* Menasha guide requires that all accidents or injuries must be reported to your supervisor immediately or no later than the end of your shift. *Id.* The supervisor would then assess the accident and determine the appropriate next steps. *Id.* at 2–3.

Upon arriving back at WCC, Plaintiff informed his unit sergeant that he fell on his ankle and that something was seriously wrong. *Id.* at 3. Sergeant Lehmann responded that it sounded like Workmans' Comp. *Id.* Lehmann called Sergeant Schroeder from Work Release. *Id.* While Plaintiff was in Schroeder's office, Sergeant Burger was questioning Plaintiff about the accident. Schroeder interrupted the conversation and stated that Plaintiff would go to the health service unit ("HSU") as opposed to offsite because it was not workers' compensation. *Id.* Schroeder called Menasha Packaging about the incident; Menasha Packaging offered workers' compensation insurance medical attention. *Id.*

On April 7, 2025, Plaintiff saw Dr. Tramp via cell phone from Menasha Packaging. *Id.* Plaintiff later saw Dr. Tannen at WCC via Zoom and received over-the-counter pain pills. *Id.* Prior to Plaintiff's injury, prisoners had an ongoing battle with the Health Services Manager, Kevin Johnson, for proper footwear. *Id.* Plaintiff had previously received orders from medical providers to be allowed to purchase orthopedic shoes; Johnson, however, was against these recommendations and allowed

Plaintiff to wear only one pair of boots. *Id.* Johnson often referred Plaintiff to Captain Jaeger for approval to purchase orthopedic or work boots. *Id.* Jaeger would then refer Plaintiff back to Johnson. *Id.* Plaintiff asked K. Vallerie at Menasha Packaging to provide Jaeger with maintenance PPE requirements to enforce steel toe boots. *Id.*

Plaintiff asks the Court to assess Defendants' actions for malicious, arbitrary, and capricious conspiracy in the wrongful termination of employment and interference with the Department of Workforce Development adjudication of his workers' compensation claim. *Id.* at 4.

3. **ANALYSIS**

The Court finds that Plaintiff may not proceed on an Eighth Amendment conditions of confinement claim. A prisoner's claim of unconstitutional conditions of confinement is analyzed under the Eighth Amendment's cruel and unusual punishment clause. *See Farmer v. Brennan*, 511 U.S. 832, 834 (1994). A prisoner is entitled to live in conditions that do not amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Detainees are entitled to be confined under humane conditions that provide for their "basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones[.]" *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).

To establish a constitutional violation with respect to an inmate's living conditions, he must be able to demonstrate both: (1) the conditions were objectively so adverse that they deprived him "of the minimal civilized measure of life's necessities," and (2) the defendants acted with deliberate indifference with respect to the conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer*, 511 U.S. at 834). "Life's necessities include shelter, heat, clothing, sanitation, and hygiene items."

*Woods v. Schmeltz*, No. 14-CV-1336, 2014 WL 7005094, at *1 (C.D. Ill. Dec. 11, 2014) (citing *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006)); *see also Budd v. Motley*, 711 F.3d 840, 842–43 (7th Cir. 2013).

Here, the Court does not find that Plaintiff states sufficient factual allegations to proceed against Defendants for an Eighth Amendment deliberate-indifference claim. Plaintiff alleges that the poor condition of the sidewalk at his work release job caused his injury. Plaintiff does not, however, allege that any defendants were aware of the conditions that led to his injury prior to his fall. As currently pled, Plaintiff's allegations at most show negligence, but nothing indicates that Defendants were aware of or intentionally ignored the sidewalk condition. Plaintiff may state a state-law negligence claim; however, in the absence of a federal claim, the Court cannot exercise supplemental jurisdiction over a state-law negligence claim.

As to Plaintiff's remaining claims, Plaintiff does not plead sufficient facts for the Court to be able to understand Plaintiff's allegations. It is unclear why Plaintiff was terminated from his job, who terminated him, or how any defendants interfered with his workers' compensation claims. Additionally, Plaintiff fails to include any facts related to his requests for orthopedic shoes; it is unclear at this juncture if Plaintiff had a serious medical need such that he required special shoes. Plaintiff must provide more factual detail in order for the Court to be able to understand his claims.

The Court will provide Plaintiff the opportunity to amend the complaint and provide more information. If Plaintiff believes he can successfully state a claim, he must file an amended complaint curing the deficiencies as described herein. An amended complaint must be filed on

or before **October 10, 2025**. Failure to file an amended complaint within this time period may result in dismissal of this action.

When writing his amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his rights?; (3) Where did each person violate his rights?; and (4) When did each person violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the prior complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If an amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

Accordingly,

**IT IS ORDERED** that the complaint fails to state a federal claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before **October 10, 2025**. If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on a lack of jurisdiction; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 19th day of September, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.